## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **SHESHONDA A.,**[1] | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 21 C 2484** |
| **v.** | ) | |
| | ) | **Magistrate Judge** |
| **KILOLO KIJAKAZI, Acting** | ) | **Maria Valdez** |
| **Commissioner of Social Security,**[2] | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying claimant Jason A.'s[3] claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion for summary judgment [Doc. No. 18] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by their first name and the first initial of their last name.

[2] Kilolo Kijakazi has been substituted for her predecessor pursuant to Federal Rule of Civil Procedure 25(d).

[3] The claimant Jason A. passed away on December 15, 2020, and Sheshonda A. was substituted as the named plaintiff upon the death of claimant. For the sake of clarity, the Court will refer to claimant Jason A. as the "Plaintiff" herein.

## BACKGROUND

### I.    PROCEDURAL HISTORY

On October 5, 2018, Plaintiff filed claims for DIB and SSI, alleging disability since May 1, 2018. The claims were denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on October 15, 2020, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A medical expert ("ME") and a vocational expert ("VE") also testified.

On November 3, 2020, the ALJ denied Plaintiff's claims for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II.    ALJ DECISION

Plaintiff's claims were analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of May 1, 2018. At step two, the ALJ concluded that Plaintiff had the following severe impairments: diabetes mellitus, status post bilateral toe amputation; hypertension; and morbid obesity.

The ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work with the following additional limitations: can occasionally climb ramps and stairs but never ladders, ropes, or scaffolds; can occasionally balance, stoop, kneel, crouch, and crawl; can frequently handle, finger, feel, and reach in all directions and occasionally reach overhead with both upper extremities; and can tolerate occasional exposure to and occasional work around fumes, gases, and other pulmonary irritants and hazards, such as moving machinery and unprotected heights. At step four, the ALJ concluded that Plaintiff would be unable to perform his past relevant work as a forklift operator or home attendant. However, at step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

## I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is

disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate

the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

## III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error because the ALJ failed to properly evaluate the opinions of Plaintiff's treating podiatrist Dr. Richard Pulla and rejected a limitation without explanation. Pertinent to the latter half of Plaintiff's argument, Dr. Pulla opined, *inter alia*, that Plaintiff would need to take three to four unscheduled breaks during an 8-hour workday for 15 to 20 minutes at a time. (R. 1579.) In assessing Dr. Pulla's opinions overall, the ALJ stated in full as follows:

> I considered the opinion offered by the claimant's treating podiatrist R. Pulla, DPM, who completed an attorney generated boilerplate checklist form dated January 10, 2020 which indicates the claimant can sit for 8 hours, stand/walk for 2 hours, lift and carry 10 pounds frequently and

> 20 pounds occasionally but requires excess unscheduled breaks and would be absent 3 to 4 times a month that are work preclusive. I find her [sic] opinion only somewhat persuasive to the extent it is consistent with the residual functional capacity herein for sedentary work, which is supported by the preponderance of the longitudinal medical evidence of record objectively demonstrating gait instability, as further aggravated by morbid obesity as discussed herein. However, Dr. Pulla's opinion regarding the claimant's absences from work is speculative and without basis in the record. The record does not show frequent cancellations or no shows for appointments or an inability to otherwise meet obligations because of his severe impairments. Further, the record does not document multiple, regular monthly appointments such that frequent absence from work would result.

(R. 44 (citation omitted).) Plaintiff argues that the ALJ erred by "not provid[ing] any explanation why Dr. Pulla's opined limitation regarding extra unscheduled breaks were not adopted." (Pl.'s Br. at 14.) The Court agrees.

Crucially, an ALJ must "address [a doctor's] opinions that Plaintiff needs . . . to take unscheduled breaks." *Gary R. v. Kijakazi*, No. 20 C 6109, 2022 WL 4607581, at *12 (N.D. Ill. Sept. 30, 2022). The ALJ did not do so here, but rather only noted Dr. Pulla's opinion that Plaintiff "requires excess unscheduled breaks" without providing any analysis of that issue whatsoever. As such, the ALJ erred and failed to provide the requisite logical bridge. *See Cheryl G. v. Saul*, No. 18 C 2604, 2019 WL 4450500, at *3 (N.D. Ill. Sept. 17, 2019) ("The ALJ did not consider and assign weight to Dr. Komanduri's opinion, specifically his opinion that Cheryl would require 'substantial breaks' or 'half days.' . . . The ALJ was required to address Dr. Komanduri's opinion and give[] some indications as to how she weighed it in evaluating Cheryl's RFC. Without any discussion of Dr. Komanduri's opinion evidence, the ALJ failed to build a logical bridge from the evidence to her RFC conclusion.") (citation omitted); *David A. v. Berryhill*, No. 18 C 5082, 2019 WL

7

5381884, at *5 (N.D. Ill. Oct. 21, 2019) ("To be sure, there may be some reasonable, supportable explanation as to why the findings identified by the ALJ undermine Dr. Najera's opinion regarding Claimant's need to take breaks. . . . But the ALJ did not provide one. With such an explanation, the Court cannot understand the link between the evidence and the ALJ's decision.") (citations and internal quotations omitted). The ALJ's error was not harmless (as Defendant contends), given that the VE testified that three extra 15-minute breaks would exceed the allowable 15% off-task time. (R. 94-95.) *See Rachel P. v. Saul*, No. 18 CV 6426, 2019 WL 3857894, at *4 (N.D. Ill. Aug. 16, 2019) ("[T]hough the vocational expert testified that Dr. Espinosa's requirement that Rachel take three fifteen-minute breaks per workday would exceed the typical allotted breaks for all of Rachel's previously performed jobs, the ALJ did not address this aspect of Dr. Espinosa's opinion.") (citation omitted).

Ultimately, the ALJ's error in failing to analyze Dr. Pulla's opinion regarding unscheduled breaks requires that this matter be remanded. *See Clarence H. v. Kijakazi*, No. 20-CV-3107, 2021 WL 4206775, at *3 (N.D. Ill. Sept. 16, 2021) ("[T]he [doctor's] Letter contained other issues that needed to be addressed by the ALJ and were not questions of law, such as Dr. Khankari's opinions regarding Plaintiff's need . . . for rest breaks due to his symptoms. None of these were reached by the ALJ, and should be considered on remand."). Based on its conclusion that remand is necessary for this reason, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not

assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that all of the medical opinion evidence is properly evaluated.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff's motion for summary judgment [Doc. No. 18] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 19] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**                                    **ENTERED:**

**DATE:     November 4, 2022**         _____
                                       **HON. MARIA VALDEZ**
                                       **United States Magistrate Judge**

9